UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LYNETTE R. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-314 PLC |
| | ) | |
| AMERICAN WATER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of the employment discrimination complaint filed by plaintiff Lynette R. Jackson, and on plaintiff's motion to proceed *in forma pauperis*. Based on the financial information submitted in support of the motion to proceed *in forma pauperis*, the motion will be provisionally granted. However, because venue is not proper in this Court, this case will be transferred to the United States District Court for the Southern District of Illinois.

Plaintiff, who resides in Florissant, Missouri, brings this case against her former employer American Water Corporation, which is located in Alton, Illinois. Plaintiff alleges discrimination based on her race and color. Plaintiff also asserts that she was subjected to a hostile work environment and unlawful retaliation. Plaintiff brings these claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

Claims arising under Title VII are strictly governed by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3). Section 2000e-5(f)(3) provides that Title VII claims may properly be brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and

administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. 2000e-5(f)(3). Under all three of these requirements, venue is proper only in the judicial district in the Southern District of Illinois where defendant corporation is located.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Southern District of Illinois. In addition, in light of all of the circumstances, the Court believes it best if the transferee district address plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is provisionally granted, subject to modification by the United States District Court for the Southern District of Illinois.

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 1406(a).

Dated this 20th day of April, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE